# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

RELIANCE STANDARD LIFE INSURANCE COMPANY,

    Plaintiff,

v.

ANDREA MAGLI-GRANT AND DANIELLE TODD AND CHRISTOPHER TODD AND CELESTE TODD-WELLS, in her capacity as mother, natural guardian and Trustee of the Estate of Brandon Todd, a minor,

    Defendants.

No. 06 C 5437

## MEMORANDUM OPINION AND ORDER

Plaintiff Reliance Standard Life Insurance Company ("Reliance") brings this interpleader action to determine the proper beneficiary of a policy it issued covering the life of David Todd ("David"). Reliance has receiving competing claims regarding the benefits from Andrea Magli-Grant, David's fiancé at his time of death, Danielle and Christopher Todd, David's adult-age children, and Celeste Todd-Wells, the ex-wife of the deceased in her capacity as mother, natural guardian and Trustee of the Estate of Brandon Todd, David's minor son. The benefits dispute among the parties is based upon conflicting interpretations of a Marital Settlement Agreement ("Agreement") which governs certain aspects of David and Celeste's 2003 divorce. By agreement, the parties have moved for summary judgment. Magli-Grant has moved for summary judgment on the ground that she has a claim superior to David's children.

Brandon, through his guardian and Trustee of his estate, has also filed for summary judgment, arguing he has a claim superior to Magli-Grant. David's remaining children have adopted the arguments in Brandon's motion. For the following reasons, summary judgment is granted in favor of the children.

I.

The following facts are undisputed. On March 17, 2003, a Judgment for Dissolution of Marriage was entered in the Circuit Court of Cook County, Illinois terminating the marriage of David and Celeste. During their marriage, they had three children: Christopher (d.o.b. January 20, 1985), Danielle (d.o.b. March 26, 1987) and Brandon (d.o.b. October 31, 1991). The Judgment specifically incorporated the Agreement.

The provision of the Agreement at issue in this case is Paragraph 10.A, entitled "Life Insurance Coverage." It provides

> The husband further covenants and agrees that he shall keep and maintain the term policy of life insurance with a face value of $300,000.00, current in full force and effect, and the term policy of insurance with a face value of $150,000.00 currently proffered to him through his place of employment, by paying the premiums thereon as the same shall fall due and by doing any and all other acts and things necessary or expedient to that end. The husband represents that within thirty (30) days from the entry of a Judgment for Dissolution of Marriage, he shall execute and deliver to the life insurance carriers, the usual and customary documents used by them to designate the children of the parties hereto as irrevocable beneficiaries, share and share alike, of the total death benefits of such life insurance and that the wife shall be designated as "Trustee" for the children of the parties. At such time as the youngest child attains the age of majority, is emancipated, or completes his college

or university education, whichever shall be the last to occur, husband shall be entitled to alter the beneficiary designation under said policy or policies of life insurance to the person or persons of his choosing. The husband further covenants and agrees that he shall provide, within thirty (30) days of the entry of as Judgment for Dissolution of Marriage, the wife with a duplicate copy of copies of the policy or policies of life insurance. Husband further represents and warrants that there are no existing liens or encumbrances upon said policy or policies of life insurance. Consistent therewith, the husband further convenants and agrees that he shall not in the future borrow against, pledge, hypothecate or convert the face value of said life insurance until his obligation to maintain such life insurance no longer exists.

(Compl. Exh. D.) At the time the Judgment of Dissolution became final, David was employed by American Hotel Register through which he had group life insurance with a face value of $150,000. The group life policies (policy numbers GL 135439 and GL 135440) were provided by Reliance and allowed David to convert the coverage to an individual policy. Under the group life policies,

[a]n Insured can use this privilege when his/her insurance is no longer in force. It has several parts. They are:
A. If the insurance ceases due to termination of employment or membership in any of this Policy's classes, an individual Life Insurance Policy may be issued. The Insured is entitled to a policy without disability or supplemental benefits. A written application for the policy must be made by the Insured within thirty-one (31) days after he/she terminates. The first premium must also be paid within that time.

(Compl. at Exh. B and C.)

On March 31, 2006, David was terminated from his employment at American Hotel Register. Shortly thereafter, David submitted a

3

"Group Life Conversion Application" ("the Conversion Application") to American Hotel Register. This provides

> This form is to be used only when an eligible person desires to convert his Group Life Insurance to an individual policy. This form must be completed in full and submitted to the Company within 31 days following the effective date of termination of insurance. . . . You may wish to refer to your policy's Schedule of Benefits page to complete some of the questions on this application.

(Compl. Exh. E.) The Conversion Application describes the insurance amount as "Basic $50K Supp $125" for a total of $175,000. (*Id*.) David named Magli-Grant as the primary beneficiary and Celeste as the contingent beneficiary. On April 26, 2006, Reliance acknowledged receipt of the application. (Compl. at Exh. F.) David passed away on May 22, 2006; Brandon was fourteen years-old. David and Magli-Grant were never married.

II.

Summary judgment is appropriate where the record shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Buie v. Quad/Graphics, Inc.,* 366 F.3d 496, 502 (7th Cir. 2004); Fed. R. Civ. P. 56(c).

III.

Under Illinois law, a named beneficiary of a life insurance policy obtains a vested right to the proceeds upon the death of the insured. *See Travelers Ins. Co. v. Daniels*, 667 F.2d 572, 573 (7th Cir. 1981) (citing *Bank of Lyons v. Schultz*, 22 Ill.App.3d 410, 318

4

N.E.2d 52 (1974)). However, "[w]hen marital settlement agreements require an insured to maintain life insurance for the benefit of a particular beneficiary, that beneficiary has an enforceable equitable right to the proceeds of the insurance policies against any other named beneficiary except one with a superior equitable right." *Schwass v. Schwass*, 126 Ill.App.3d 512, 514, 467 N.E.2d 957, 959 (Ill. App. Ct. 1984) (citations omitted).

In this case, Magli-Grant claims she is the named primary beneficiary of the converted Reliance policies ("the converted policy") and therefore has a superior equitable right over David's children, who are the beneficiaries under the earlier Agreement. Magli-Grant argues that the converted policy is an after-acquired policy that does not fall within the scope of the Agreement and, in support, cites *McWhite v. Equitable Life Assurance Soc'y*, 141 Ill.App.3d 855, 490 N.E.2d 1310 (Ill. App. Ct. 1986).

Magli-Grant cannot overcome the children's superior equitable right to the life insurance policy benefits. First, the Agreement pre-dates Magli-Grant's designation as primary beneficiary under the converted policy and continued to bind David until he passed away. David's designation of Magli-Grant as primary beneficiary was in breach of the Agreement. Second, the converted policy continues to fall within the scope of the Agreement. *See Schwass*, 126 Ill.App.3d at 515, 467 N.E. at 959-60 (citing *White v. White*, 62 Ill.App.3d 375, 378 N.E.2d 1255 (Ill. App. Ct. 1978)) ("To

5

determine the intent of the parties as expressed by the language of the contract, the contract should be considered as a whole, and none of the language should be rejected as surplusage."). The language of the Agreement provides that David was required to pay the premiums on the group policies "thereon as the same shall fall due and by doing any and all other acts and things necessary or expedient to that end." The converted policy also qualifies as "proffered" by his employer in light of the existence and language of the original policies and the Conversion Application and terms for conversion. Moreover, the converted individual policy was "subject to the terms and conditions of the [] Group Policy(s)." (Comp. Exh. F.) The language of the Agreement also does not limit the children's entitlement to one-third of $150,000.

Finally, *McWhite* is distinguishable. The language of the Agreement in this case is broader than the Agreement at issue in *McWhite*, which specified that the insurance had to be "maintained" by the employer as opposed to the decedent. 141 Ill.App.3d at 863, 490 N.E.2d at 1316. The converted policy at issue is just that – converted; this contrasts with the additional policies obtained by the decedent in *McWhite*. Furthermore, unlike in *McWhite*, the children here would not receive any benefits designated to them by the Agreement and vested upon David's death, whereas the child beneficiary in *McWhite* already obtained benefits under the policies identified in the martial agreement in that case and sought to

6

obtain benefits for subsequently acquired policies as well. *Id.* at 858, 490 N.E.2d at 1313. Although there is no suggestion of any wrongdoing by Magli-Grant, David's breach of the Agreement - in designating Magli-Grant as primary beneficiary - cannot serve to deprive his children of the benefits at issue.

I find there is no issue of material fact concerning the children's superior enforceable right to the proceeds of the converted insurance policy against Magli-Grant. Accordingly, Magli-Grant's motion for summary judgment and an evidentiary hearing are denied; the motions for summary judgment by Brandon, through his guardian and Trustee of his estate, Christopher and Danielle are granted and, therefore, they are each entitled to one-third of the entire proceeds of the insurance policy to be paid in accordance with the terms of the Agreement.

IV.

For the foregoing reasons, Magli-Grant's motion for summary judgment is denied and Brandon, Christopher and Danielle's motions for summary judgment are granted.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: August 20, 2007

7